IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LORENZO ARANDA GOMEZ, ADIYA AUZBEKOVA, | § | |
| *Plaintiffs*, | § | |
| | § | No. 1:25-CV-00424-DAE |
| v. | § | |
| MARCO RUBIO, in his official capacity as U.S. Secretary of State, et al., | § | |
| *Defendants*. | § | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court is Defendants'[1] Motion to Dismiss (the "Motion"). (Dkt. # 9.) The Court finds this matter suitable for disposition without a hearing. After careful consideration of the filings and the relevant law, the Court **GRANTS** Defendants' Motion to Dismiss. (Dkt. # 9.)

## BACKGROUND

On March 21, 2025, Plaintiffs Lorenzo Aranda Gomez ("Aranda Gomez") and Adiya Auzbekova ("Auzbekova"), (collectively, "Plaintiffs"), filed

[1] Defendants include Marco Rubio, in his official capacity, Secretary of the U.S. Department of State; Shane Myers, in his official capacity, Acting Principal Deputy Assistant Secretary for the Bureau of Consular Affairs; Deborah Robinson, in her official capacity, Deputy Chief of Mission at the U.S. Consulate General in Almaty, Kazakhstan; and John Doe, in his official capacity, Consular Officer Mission at the U.S. Consulate General in Almaty, Kazakhstan. (Dkt. # 1.)

this complaint seeking a writ of mandamus to compel Defendants to adjudicate the visa application of Auzbekova, Aranda Gomez's spouse. (Dkt. # 1.) Sometime prior to August 2023, Aranda Gomez filed a Form I-130, "Petition for Alien Relative" (the "Petition"), for his spouse, Auzbekova. (Id. at 5.) That Petition was approved by U.S. Citizenship and Immigration Services ("USCIS") on August 28, 2023, and USCIS transferred the case file to the U.S. Department of State. (Id.) Thereafter, on March 26, 2024, Auzbekova was interviewed before a consular officer in Almaty, Kazakhstan. (Id.) Plaintiffs allege that, since then, Defendants have not issued a final decision in Auzbekova's case. (Id. at 1–2, 5–7.)

Plaintiffs' Complaint asserts that Defendants have failed to adjudicate Auzbekova's visa application within a reasonable period of time and that the delay violates Aranda Gomez' due process rights. (Dkt. # 1 at 7–9.) Plaintiffs request that the Court: (1) enter an order mandating a time certain to complete the adjudication of Auzbekova's immigrant visa application; or (2) in the alternative, compel Defendants, and those acting under them, to perform their duty to adjudicate Auzbekova's visa application immediately. (Id. at 9.)

Defendants move to dismiss Plaintiffs' Complaint, arguing that (1) the case is moot because the consular officer has already adjudicated Auzbekova's visa application; and (2) the case is non-justiciable under the doctrine of consular

nonreviewability. (Dkt. # 9.)[2] In support of their Motion, Defendants attach a declaration executed by a U.S. Department of State employee and a Consular Electronic Application Center ("CEAC") online case status. (Dkts. ## 9-1; 9-2.) Plaintiffs filed a memorandum in opposition to the Motion, (Dkt. # 10), and Defendants replied, (Dkt. # 11).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for "lack of subject-matter jurisdiction." When evaluating a Rule 12(b)(1) motion, the Court may dismiss a suit "for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject matter jurisdiction exists. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

---

[2] Defendants also argue that Plaintiffs fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure; however, because the Court finds that it lacks subject matter jurisdiction, as described below, the Court does not reach Defendants' arguments under Rule 12(b)(6).

If the defendant submits no evidentiary materials with its 12(b)(1) motion, the trial court looks only to the sufficiency of the allegations in the complaint, which are assumed to be true. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc., 778 F.3d 502, 504 (5th Cir. 2015) (distinguishing a "facial" attack on a court's subject matter jurisdiction from a "factual" attack made on the basis of affidavits or other evidentiary materials). If, on the other hand, the defendant submits affidavits, testimony, or other evidentiary materials, the court may consider and resolve disputes of fact, and the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. Superior MRI, 778 F.3d at 504; Greenstein, 691 F.3d at 714. And, in considering a factual attack, the Court does not presume the truthfulness of the plaintiff's allegations. Tucker, 645 F.2d at 413.

## DISCUSSION

Under Article III of the Constitution, federal courts may only resolve the "legal rights of litigants in actual controversies." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013) (quoting Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) (internal quotations omitted) ). An actual controversy must exist at all stages of review−not merely at the time the complaint is filed. Preiser v. Newkirk, 422 U.S. 395, 401

(1975); Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016). "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." Am. Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988). And if a controversy is moot, the trial court lacks subject-matter jurisdiction over it. Carr v. Saucier, 582 F.2d 14, 15–16 (5th Cir. 1978) (per curiam).

Federal Regulations provide that, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the [Immigration and Nationality Act ("INA")] and the implementing regulations, the consular officer must issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 42.81(a). In this case, the evidence reflects that on the day of Auzbekova's consular interview, the consular officer refused Auzbekova's visa application pursuant to INA § 221(g), 8 U.S.C. § 1201(g). (Dkt. # 9-1 at ¶ 7.) In addition, information on the public-facing Consular Electronic Application Center ("CEAC") states that Auzbekova's visa application has been "refused." (Dkt. # 9-2.) It further states: "A U.S consular officer has adjudicated and refused your visa application . . . If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing. You will receive *another* adjudication once such processing is complete." (Id. (emphasis added))

Courts in this District consistently find that a consular officer's visa refusal, like the one issued in this case, renders the cause of action moot because the action requested by the plaintiff—adjudication of the visa application—had already occurred. See Bamdad v. United States Dep't of State, No. 1:23-CV-757-DAE, 2024 WL 1462948 (W.D. Tex. Feb. 9, 2024); Jolghazi v. Blinken, No. 5:23-CV-01071-OLG, 2024 WL 4182593 (W.D. Tex. July 30, 2024); Roshan v. United States Dep't of State, No. 1-23-CV-1297-RP, 2024 WL 3843786 (W.D. Tex. July 22, 2024)[3]; Avride, Inc. v. Blinken, No. 1:24-CV-1318-RP, 2025 WL 3251548 (W.D. Tex. Sept. 29, 2025); Kulagin v. Blinken, No. A-24-CV-00953-ADA, 2025 WL 1231897 (W.D. Tex. Apr. 28, 2025). Indeed, a court in the Southern District of Texas recently conducted an exhaustive study of 8 U.S.C. § 1201(g) visa refusals and found consensus among the federal courts in Texas on this issue. Pegah Z. v. Blinken, No. 4:24-CV-00529, 2025 WL 629343, at *4 (S.D. Tex. Feb. 4, 2025).

Plaintiffs do not contest that a refusal was issued but instead argue that their case is not moot because that refusal was only an "interim" decision. (Dkt. # 10.) The Court is not persuaded by Plaintiffs' arguments. Defendants have adjudicated Auzbekova's visa application. (Dkts. ## 9-1; 9-2.) "The mere

[3] The plaintiff in Roshan filed a Rule 41 voluntary dismissal after U.S. Magistrate Judge Mark Lane issued his Report and Recommendation in Defendants' favor and before the court issued an order adopting or rejecting the Report and Recommendation. No. 1:23-CV-1297-RP, at Dkt. # 13.

possibility that an agency might reconsider . . . does not suffice to make an otherwise final agency action nonfinal." Sackett v. E.P.A., 566 U.S. 120, 127 (2012). Therefore, "the fact that the consular officer identified additional documents that could be submitted for reconsideration of the refusal of the visa application does not alone confer jurisdiction." Tariq v. Blinken, No. 3:21-CV-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023); (see Dkt. # 10 at 10 (quoting the Department of State's Foreign Affairs Manual, which provides that "[w]hen the applicant has presented additional evidence to attempt to overcome a prior refusal, you should *re*-open and *re*-adjudicate the case by overcoming the prior INA 221(g) refusal and determining whether the applicant is eligible for a visa." (emphasis added)).) Plaintiffs' citations to opinions issued by courts outside of this Circuit do not convince the Court otherwise. Accordingly, Plaintiffs' claims are moot, and the Court thus lacks subject-matter jurisdiction.

Because the Court finds that the action is moot, it declines to address whether consular nonreviewability bars Plaintiffs' claims. The Court also does not reach any argument by Defendants that Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Dismiss, (Dkt. # 9), is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, February 4, 2026.

David Alan Ezra
Senior United States District Judge